# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM S. PLUMLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0190**  (BOR Appeal No. 2050695)
                    (Claim No. 2014027981)

**ESSROC READY MIX,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William S. Plumley, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Essroc Ready Mix, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed a July 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 5, 2014, decision closing Mr. Plumley's claim for workers' compensation benefits on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Plumley sustained a right inguinal hernia in the course of his employment on March 18, 2014.[1] On May 24, 2014, Leonard Fichter, D.O., laparoscopically repaired the right inguinal hernia. Additionally, Mr. Plumley received temporary total disability benefits from the date of

---

[1] The evidentiary record does not contain any details regarding the circumstances of the injury. However, it is clear that Mr. Plumley's claim for workers' compensation benefits was held compensable for a right inguinal hernia.

1

surgery until he returned to work on July 14, 2014. On September 5, 2014, the claims administrator closed Mr. Plumley's claim on a temporary total disability basis.

In its Order affirming the September 5, 2014, claims administrator's decision, the Office of Judges held that the claims administrator properly closed the claim on a temporary total disability basis because Mr. Plumley became ineligible to receive additional temporary total disability benefits following his return to work on July 14, 2014. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 3, 2016. On appeal, Mr. Plumley requests an award of temporary total disability benefits from March 25, 2014, through March 30, 2014, and from April 8, 2014, through April 13, 2014.[2]

As was noted by the Office of Judges, the sole issue in the instant appeal is the closure of Mr. Plumley's claim on a temporary total disability basis. West Virginia Code § 23-4-7a (2005), provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges found that pursuant to West Virginia Code § 23-4-7a, the claim was properly closed on a temporary total disability basis because Mr. Plumley was released to return to work approximately two months prior to the closure of the claim. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[2] Mr. Plumley's request for additional temporary total disability benefits was not addressed in the September 5, 2014, claims administrator's decision closing the claim and, as such, is not ripe for consideration on appeal.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker